HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. J. A. MAYES.

Decided January 9, 1907.

**Railway—Penalty—Failure to Furnish Cars—Constitutional Law—Interstate Commerce.**

Articles 4497–4500, Revised Statutes, providing penalties for failure of a railway company to furnish cars upon demand, are void as applied to interstate commerce, being an attempted regulation thereof by the State.

Appeal from the District Court of Llano County. Tried below before Hon. Clarence Martin.

The judgment appealed from was affirmed October 19, 1904, by the Court of Civil Appeals, and writ of error was refused by the Supreme Court of Texas January 12, 1905 (36 Texas Civ. App., 606). On writ of error from the Supreme Court of the United States, this judgment

was reversed and the cause remanded to this court on April 2, 1906 (201 U. S., 321). Thereupon the opinion following was delivered in this court.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.

*McLean & Spears,* for appellee.—Articles 4497 to 4500, inclusive, merely prescribe safeguards and precautions foreseen and proper to prevent by anticipation the wrongs and injuries incident to the failures or refusal of the initial carrier to furnish cars upon seasonable application made, which, after they have been inflictd, the State has power to redress and punish, are strictly within the scope of the local law, and so long as Congress had not legislated upon the particular subject, are to be regarded as in aid of interstate commerce and as a rightful exercise of the police power of the State to regulate the relative rights and duties of all persons and corporations within its limits. Chicago, M. & St. P. Ry. Co. v. Solan, 169 U. S., 133; Richmond & A. R. Co. v. R. A. Patterson Tobacco Co., 169 U. S., 311; Missouri, K. & T. Ry. Co. v. McCann, 174 U. S., 580; Western U. Tel. Co. v. Call Publishing Co., 181 U. S., 92; Armstrong v. Galveston, H. & S. A. Ry. Co., 92 Texas, 121; Texas & Pac. Ry. Co. v. Walker, 60 S. W. Rep., 797; Gulf, C. & S. F. Ry. Co. v. Dwyer, 75 Texas, 581.

Railroad cars do not become the subject of interstate commerce laws until they have been loaded with property to be shipped from some point in the State to a point beyond its boundaries, by a continuous trip. Houston Direct Nav. Co. v. Insurance Co. of N. A., 89 Texas, 6; 17 Am. and Eng. Ency. of Law (2d ed.), 64, 70.

EIDSON, ASSOCIATE JUSTICE.—In conformity with the decision of the United States Supreme Court in this case (Houston & Texas Central Railroad Co. v. Mayes, 201 U. S., 321) holding that articles 4497 to 4500, Sayles' Revised Statutes providing for penalties against a railroad company for failure to furnish cars upon application in writing therefor by a shipper are void as to interstate commerce, the judgment of this court heretofore entered affirming the judgment of the court below in favor of appellee for the sum of $425 as a penalty against appellant, will be set aside and the judgment of the court below for said penalty will be reversed, and this suit, insofar as it seeks to recover against appellant the statutory penalty for failure to furnish appellee the cars applied for, will be dismissed. And the judgment of the court below for the sum of $500, as damages to his cattle sustained by appellee will be affirmed; and the cost of this appeal, including that accrued in the United States Supreme Court, is adjudged against appellee.

*Reversed and dismissed in part, and affirmed in part.*